IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | **Criminal Action No. 16-0245-CG-N** |
| ) | |
| **DIONE PETITE,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on Defendant Dione Petite's Motion for Reduced Sentence and Compassionate Release under the First Step Act, 18 U.S.C. § 3582 and § 3553 (Doc. 159) and the United States' response in opposition (Doc. 165). After consideration of the relevant pleadings, Petite's motion is DENIED.

## FACTUAL BACKGROUND

In December 2016, Petite was indicted by a superseding indictment on one count of conspiracy to possess with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 846 (Count One), and six counts of possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Counts Four through Nine). (Doc. 36). On January 23, 2017, Petite pled guilty to Count One subject to a written plea agreement with the government. (Docs. 63 and 65). Counts Four through Nine were dismissed by motion of the Government. (Doc. 90).

According to the Presentence Investigation Report ("PSR"), the parties agreed that Petite was responsible for 3.4 kilograms of methamphetamine and therefore,

Petite's base offense level under U.S.S.G. § 2D1.1 was 36. (Doc. 85). Petite was assessed a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine of which the defendant was aware and a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) for her role as a manager or supervisor in a conspiracy that involved five or more participants. (*Id.*) Petite also received a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and a one-level reduction for timely notifying the government of her intent to plead guilty pursuant to U.S.S.G. § 3E1.1(b) As a result, Petite's total offense level was 38. (*Id.*) Her criminal history category was IV. (*Id.*) An offense level of 38 with a criminal history category of IV produced a guidelines range of 324 to 405 months imprisonment. (*Id.*) On May 3, 2017, the Court varied below the guidelines and sentenced Petite to 150 months' imprisonment. (Doc. 90). Petite did not appeal her conviction or sentence.

Prior to the instant motion, Petite made a request for compassionate release in writing to the Bureau of Prisons ("BOP"). (Doc. 159 at 3; PageID.551). The BOP reviewed Petite's request and the reasons she asserted relief was due, but determined Petite did not meet the criteria for extraordinary and compelling circumstances. (Doc. 165-1; PageID.576) As a result, the BOP denied Petite's request for compassionate release. (*Id.*) Petite has now filed the instant motion seeking a reduction of her sentence and for compassionate release pursuant to the First Step Act of 2018 and 18. U.S.C. § 3582 and § 3553. (Doc. 159). The

Government has responded in opposition (Doc. 165) and the matter is ripe for adjudication.

## STANDARD OF REVIEW

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Specifically, the "court may not modify a term of imprisonment once it has been imposed except" as set out in 18 U.S.C. § 3582(c). Among the statutory options, 18 U.S.C. § 3582(c)(1)(A), referred to as the compassionate release provision provides, in relevant part, for reduction of a term of imprisonment and the possible imposition of supervised release with conditions, where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

As amended by the First Step Act of 2018, the statute provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment … if it finds that extraordinary and compelling reasons warrant such a reduction" . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

## DISCUSSION

Petite seeks to be compassionately released based on her medical condition or, alternatively, to be allowed to serve the remainder of her sentence in home confinement. (Doc. 159, generally). Specifically, Petite asserts that (1) she suffers from multiple medical conditions including hypertension, asthma, anemia, hemophilia, total right hip replacement, arthritis, ruptures of her spine (due to car wreck prior to incarceration), missing teeth (which require multiple root canals and oral surgery), and severe migraine headaches, (2) she is dependent upon a wheelchair due to a failed hip replacement, and (3) she cannot properly perform the activities of daily living including "bathing, putting on shoes and socks, dressing, getting to the dining hall in time for meals, getting access to her locker or under her bunk". (Doc. 159 at 5; PageID.549). Petite additionally contends that she cannot receive proper care to repair her hip at the prison due to her current weight of 400 pounds. (*Id.*)

In support of her motion, Petite argues that her chronic medical conditions are very difficult to treat, cannot be addressed in a correctional environment, and, in fact, "are not being met by Aliceville prison which lacks the necessary medical facilities for any treatment of any prisoner in her condition". (*Id.*) Petite also states that "there have been several deaths at Aliceville for lack of medical care, and the defendant asserts she was not sentenced to death, so this is cruel and unusual punishment." Finally, Petite states that other inmates have to care for her. (*Id.*) With regard to the § 3553 factors, Petite argues that she has little to no criminal

4

history and is low risk based on her educational background and programming while incarcerated. (*Id*.)

The Government opposes Petite's motion. (Doc. 165, generally). As an initial matter, the Government argues that Petite's unsworn assertions in her motion "offer no reason to doubt the BOP's conclusion" that there is not an extraordinary and compelling reason to reduce her sentence, as previously determined. (*Id*. at 6; PageID.564; Doc. 165-1; PageID.576 ). For support, the Government points to the record which calls into question the veracity of Petite's assertions. (*Id*.) Moreover, the Government argues that the medical records contradict Petite's assertions relating to her medical condition and that she has failed to meet her burden of establishing that she is eligible for compassionate release. (*Id*. at 7; PageID.565). Finally, the Government argues that Petite's motion, when construed liberally, alternatively fails to provide a basis for the requested relief because this Court does not have authority to order that Petite serve her sentence in home confinement and because, to the extent that Petite claims her constitutional rights have been violated, she has failed to exhaust her administrative remedies under the Prison Litigation Reform Act. (*Id*. at 16; Page 573)

### A. Compassionate Release

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that if there are "extraordinary and compelling" reasons, a defendant may obtain a reduced sentence after consideration of the factors set forth in 18 U.S.C. § 3553(a), and if the reduction is "consistent with applicable policy statements issued by the

5

[United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling" reasons are not defined in the statute. Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress also stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id*.

Before the First Step Act, the Sentencing Commission promulgated the following policy statement:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons to consider reduction of a sentence under § 3582(c)(1)(A). The defendant's medical condition may qualify if certain criteria are met. U.S.S.G. § 1B1.13 cmt. n. 1(A). Specifically, if the

> i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. §1B1.13 cmt. n. 1(A). The commentary to the statement also permits a reduction where, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 Application Note 1(D). According to a program statement issued by the BOP, an inmate may be considered for a reduced sentence if he or she has "an incurable, progressive illness," or has "suffered a debilitating injury from which [he or she] will not recover," or is "[c]ompletely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair," or "[c]apable of only

7

limited self-care and is confined to a bed or chair more than 50% of waking hours." *See* Federal Bureau of Prisons, Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. § 3582(c)(1)(A) and 4205(g) (Jan. 17, 2019) https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

Petite does not allege that she is terminally ill, that she has a serious functional or cognitive impairment, or that she is experiencing deteriorating physical or mental health because of the aging process such that she cannot care for herself. Instead, she asserts that she has a serious medical condition. Petite's medical condition may fall within the criteria of Application Note A, if she shows that she is "suffering from a serious ... medical condition ... that substantially diminishes" her ability to provide self-care in the correctional facility and from which she is not expected to recover. U.S.S.G. § 1B1.13 cmt. n. 1(A). Petite bears the burden of establishing that compassionate release is warranted. *United States v. Hamilton*, 715 F.3d 328, 327 (11th Cir. 2013).

In this action, Petite has not met her burden. In reaching this conclusion the Court has considered Petite's identified medical conditions and the effects described by her in her motion and her previous request for release to the BOP. (Doc. 159). The Court has also reviewed Petite's medical records submitted by the Government along with the conclusions of the Clinical Director of FCI Aliceville and the BOP with regard to Petite's initial request for release made to the BOP. (Docs. 165-1, 167, and 167-1). The Court notes that as an initial matter, Petite did not provide

8

any medical evidence supporting her described conditions. Moreover, the medical records submitted by the Government do not support the severity of the medical conditions as described by Petite.

Petite's medical records show that Plaintiff has been treated for numerous medical conditions during her incarceration including those identified by Plaintiff in her motion i.e., obesity, hypertension, asthma, anemia, a total right hip replacement, arthritis, joint pain, missing teeth, and migraine headaches. (Doc. 167-1). The records also confirm that Petite is almost 400 pounds, has had multiple falls, and may need follow-up care for her previous hip replacement. (*Id*.) However, contrary to Petite's assertions, there is no medical support that Petite suffers from a medical condition that substantially diminishes her ability to provide self-care within a correctional facility and from which she is not expected to recover, as is required. Instead, the medical records show that Petite's medical conditions are being treated and there is no medical evidence that treatment will not control and/or improve her conditions.

With respect to Petite's asserted need for a hip replacement repair, her chief complaint and the condition on which Petite primarily relies for relief, the Court finds Petite's description of her condition to be inconsistent with the medical records. Specifically, Petite's description that the cement (from the previous replacement) is protruding through her skin is not supported by the records. In fact, her medical records make no mention of Petite complaining of such a protrusion and no note of the same being visible, which as the Government points

out, should be readily identifiable. Instead, the records show that Petite has been treated for problems associated with her hip, including x-rays which show that she may need follow-up care, but do not substantiate the alleged severity of Petite's hip condition. As a result, the Court does not find Petite's description of her hip condition to be supported by the medical record. Likewise, the medical records fail to substantiate that any of Petite's other identified conditions including obesity, hypertension, asthma, anemia, arthritis, joint pain, missing teeth, and migraines, are severe or debilitating.

Petite's contentions that she is unable to receive proper care, is 100% wheelchair bound, and is unable to perform daily living activities are, likewise, not supported by the medical evidence. Rather, lacking from the medical records is any complaint from Petite that she cannot care for herself or any requests for assistance to perform daily activities. There is also a lack of notation by any medical personnel who have seen Petite that she is unable to care for herself. Accordingly, the Court is not compelled by Petite's assertions that she cannot provide self-care. *See United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition).

Finally, the medical records fail to support that Petite suffers from a condition from which she is not expected to recover. Rather, even assuming as true

Petite's assertions in her motion that she suffers from a serious medical condition that diminishes her ability to provide self-care, there remains a lack of support that with treatment, Plaintiff would not improve.  Indeed, contrary to Petite's assertions, the Clinical Director of Aliceville has submitted a letter wherein he summarizes Petite's conditions and states that her "conditions should improve with diet, exercise and proper medication" and "can be successfully managed at FCI Aliceville".  (Doc. 167 at 1; PageID.580).  As a result, after review of the relevant pleadings and supporting documentation, this Court is satisfied that Petite's medical conditions are not extraordinary and compelling.

Because this Court does not find that Petite's medical conditions are extraordinary and compelling, it need not discuss the § 3553 factors.  Nevertheless, if Petite had met her burden to establish that she qualified for a reduction (which she has not), this Court would still not be inclined to exercise its discretion to reduce her sentence.  18 U.S.C. § 3582(c)(1)(A) (the court "may reduce the term of imprisonment" in enumerated circumstances).  The Court thoroughly considered the § 3553(a) factors when imposing Petite's sentence and found that a below the guidelines sentence was proper.  Petite has served only one third of that sentence and the factors previously considered remain valid.  As such, a consideration of the § 3553 factors do not lend favorable support to reduce Petite's sentence.

### B. Alternative Relief

With respect to Petite's alternative request for home confinement, this Court does not have authority to grant Petite's requested relief.  *See United States v.*

11

*McCloskey*, 2020 WL 3078332 *2 (S.D. GA June 9, 2020) ("Designation of an inmate's place of confinement, including placement in home confinement, rests within the absolute discretion of the BOP."). Alternatively, to the extent that Petite's motion asserts a challenge to her sentence pursuant to 28 U.S.C. § 2241, the same must be brought in the district of her confinement. *Rumsfeld v. Padilla,* 542 U.S. 426, 447, 124 S.Ct. 2711, 2724, 159 L.Ed.2d 513 (2004) (emphasis supplied); *see also Garcia v. Warden,* 470 Fed.Appx. 735, 736 (11th Cir. Mar. 27, 2012) (holding that "jurisdiction for § 2241 petitions lies only in the district of confinement"). In this action, Petite is incarcerated at FCI Aliceville in Aliceville, Alabama. Accordingly, any § 2241 motion must be brought in the Northern District of Alabama. Any such petition must also be brought after exhaustion of her administrative remedies. *Santiago–Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015).

Finally, with respect to Petite's claim that her sentence is cruel and unusual punishment, the Government is correct that Petite has not properly raised any constitutional claims to this Court. Indeed, to the extent that Petite's motion can be construed as raising a constitutional claim under the Prison Litigation Reform Act, such a motion would require Petite to exhaust her administrative remedies. *See* 42 U.S.C. § 1997e(a). Since Petite has not shown that she exhausted her administrative remedies, any potential § 1983 action based on the conditions of her confinement is due to be dismissed. *See Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).

CONCLUSION

For the reasons set forth above, the Court finds that that Petite's medical conditions are not extraordinary and compelling and therefore, she is not entitled to compassionate release.  Accordingly, Petite's motion is DENIED.

**DONE** and **ORDERED** this 16th day of July, 2020.

                                     /s/ Callie V. S. Granade  
                                     SENIOR UNITED STATES DISTRICT JUDGE